UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RODERICK DION LEAKE,
            *Plaintiff-Appellant,*

v.                                                       No. 99-2670

RYAN'S FAMILY STEAKHOUSE,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-98-234-7-F)

Argued: October 30, 2000

Decided: March 8, 2001

Before WILKINS and KING, Circuit Judges, and
Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

## COUNSEL

**ARGUED:** Neal Lawrence Walters, Tillman James Breckenridge,
Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL
OF LAW, Charlottesville, Virginia, for Appellant. Charles Matthew
Keen, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,

P.C., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Sheri L. Roberson, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Roderick Dion Leake appeals an order of the district court granting summary judgment to his former employer, Ryan's Family Steakhouse (Ryan's), on Leake's claims of sexual harassment and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C.A. §§ 2000e-2(a), 2000e-3(a) (West 1994). Leake first contends that the district court erred in concluding that he had not produced evidence of gender-based animus. Leake also asserts that the district court applied an incorrect standard to his retaliation claim. Only the first of these claims warrants relief; accordingly, we affirm as to Leake's retaliation claim but vacate the judgment and remand as to his sexual harassment claim.

I.

The record before us contains numerous conflicting allegations. Because we are reviewing the entry of summary judgment, we must view the evidence in the light most favorable to the non-movant, Leake. *See Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 190 F.3d 252, 255 (4th Cir. 1999). Viewed in this light, the record reveals the following. Leake worked as a meat cutter at Ryan's from June 1993 to July 1997. For approximately six months before his termination, he was sexually harassed by his manager, Nathaniel Ladendorf. Among other acts, Ladendorf made sexual remarks and touched Leake's buttocks and genitals. On one occasion, Ladendorf pushed Leake back into a bathroom as Leake was leaving it; once inside, Ladendorf

began groping Leake and said, "Come on, let's do this here." J.A. 63 (internal quotation marks omitted). Ladendorf also abused other employees, both male and female, but his mistreatment of Leake was more severe and more overtly sexual.

Leake submitted a complaint to Ryan's on July 23, 1997. Over the next several days, the general manager watched Leake closely and criticized his work several times. Leake complained to Ryan's about this on July 28 and added that he had contacted an attorney about these events.

The following day, the district manager, Dexter Brown, met with Leake concerning his complaints. When Brown reported that Ladendorf had denied Leake's allegations, Leake accused Brown of taking Ladendorf's side; he then unilaterally ended the conversation by turning his back to Brown and walking out of the room, despite specific orders to stay and discuss matters. Brown followed Leake to the meat cutting room, leading to the following events (as recounted by Leake at his deposition):

> [Brown] knocked on the door. I put the knife down. I went to the door. And he said—I opened the door and I let him in. He said, "Rod, I didn't say I didn't believe you. I just said that Nate said he denied it." I said, "Well, Dexter, what do you think he's going to say?" He said, "Well, I think it be [sic] best that you get your stuff and leave." I said, "Fine."

*Id.* at 76.

After his discharge, Leake filed this action alleging, as is relevant here, sexual harassment and retaliation. The district court granted summary judgment in favor of Ryan's. The court rejected the sexual harassment claim on the basis that Ladendorf's mistreatment of both males and females precluded any possible inference that Ladendorf's conduct toward Leake was motivated by gender. Regarding Leake's retaliation claim, the court determined that Leake had established a prima facie case of retaliation but that Ryan's had proffered a legitimate reason for terminating Leake; the court then found that Leake could not make either of two required showings—that the proffered

explanation was pretextual and that the real motivation was unlawful retaliation.

## II.

We review the grant of summary judgment de novo. *See Figgie Int'l*, 190 F.3d at 255. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## A.

Leake initially challenges the entry of summary judgment in favor of Ryan's on his sexual harassment claim. To prove harassment, Leake must submit evidence of "(1) unwelcome conduct; (2) that is based on the plaintiff's sex; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 192 (4th Cir. 2000). The district court granted summary judgment on the basis that Leake could not establish the second prong of this test, because Ladendorf's mistreatment of both men and women negated Leake's allegation of discriminatory animus.[1] We hold that summary judgment was improper because Leake forecast sufficient evidence to show that Ladendorf's conduct toward *him* was discriminatory and was motivated by sex.

Viewed in the light most favorable to Leake, the record shows that Ladendorf abused all his employees but singled out Leake for particularly severe mistreatment. If Leake can prove that this conduct would not have occurred but for the fact that he is male, then he is eligible for a remedy under Title VII. *See Wrightson v. Pizza Hut of Am., Inc.*,

---

[1]The district court found that Leake had "presented some evidence tending to satisfy" the other elements of a prima facie case. J.A. 105. Having carefully reviewed the record and the briefs, and having had the benefit of oral argument, we hold that Leake proffered sufficient evidence to generate a dispute of fact as to these elements.

99 F.3d 138, 142 (4th Cir. 1996). This is true notwithstanding the general unpleasantness of his work environment, *see Lack v. Wal-Mart Stores, Inc.*, No. 99-2089, slip op. at 15 (stating that general mistreatment of employees does not absolutely bar relief under West Virginia statute comparable to Title VII), or the fact that other male employees were not mistreated the same way he was, *see Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982) (holding that Title VII applies to discrimination against an individual employee even when other members of the employee's class did not suffer discrimination).

The record contains a genuine issue of material fact concerning whether Ladendorf's treatment of Leake was motivated by sex. Leake proffered evidence that Ladendorf mistreated all his employees but that only male employees were abused "in a sexual way." J.A. 94; *see Lack*, slip op. at 15-16 (stating that male sexual harassment plaintiff may be able to show gender animus through evidence that he was mistreated more severely than female employees). Moreover, Ladendorf's behavior toward Leake in particular involved sexual suggestions and contact with Leake's genitals. A reasonable fact finder could infer from these circumstances that Ladendorf's conduct was based on Leake's sex. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (stating that evidence of harassment in "sex-specific and derogatory terms" may permit a finding of gender animus). Accordingly, we reverse the entry of summary judgment on this issue.[2]

---

[2]In light of the proffered evidence that Leake suffered more severe abuse than other employees, we do not address his argument that Title VII affords a remedy even when male and female employees suffer harassment that is similar in nature or degree.

We also do not decide whether Ryan's can establish the affirmative defense set forth in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Ryan's asserted this defense in the district court, but the court did not address this issue because it ruled in favor of Ryan's on other grounds. We prefer to let the district court examine the issue in the first instance.

B.

Leake's second claim is that the district court applied the wrong standard to his retaliation claim. Leake contends that this error requires us to reverse the grant of summary judgment on this claim and remand for reconsideration under the correct standard. We conclude that summary judgment was appropriate even if the district court applied the incorrect standard.

The district court properly applied the *McDonnell Douglas* burden-shifting analysis. This analysis, which derives its name from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), requires "the plaintiff [to] establish a *prima facie* case of retaliation. The burden then shifts to the employer to produce a legitimate nondiscriminatory reason for the adverse action." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 248 (4th Cir. 2000) (citation omitted). Finally, the plaintiff must demonstrate that the true reason for the challenged action was retaliation. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2106 (2000).

Although the district court used the proper framework, Leake contends that the court erred in the last step of its analysis by applying the "pretext-plus" standard. Under this standard, which was the law of this circuit at the time the district court rendered its decision, Leake was required to demonstrate that the explanation proffered by Ryan's was pretextual *and* produce evidence (beyond his prima facie case) that the real reason for his discharge was retaliation for his sexual harassment complaints. *See Vaughan v. Metrahealth Cos.*, 145 F.3d 197, 202 (4th Cir. 1998). Since the district court decided this case, however, the Supreme Court has rejected the pretext-plus standard. *See Reeves*, 120 S. Ct. at 2108-09. Under *Reeves*, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 2109.

Although the standard applied by the district court has since been rejected, reversal is unnecessary. The district court concluded that Leake could not establish either prong of the pretext-plus standard— *i.e.*, Leake failed to show that Ryan's had offered a pretextual explanation and failed to produce additional evidence that the actual moti-

vation for his discharge was retaliation. These conclusions would preclude relief under either the pretext-plus standard (which requires both prongs) or the *Reeves* standard (under which either prong may be sufficient).

Having carefully reviewed the record, and having had the benefit of oral argument, we agree with the district court that Leake's proffered evidence was inadequate as to both prongs of pretext-plus. Thus, even under the *Reeves* standard, Leake's retaliation claim fails.

### III.

For the foregoing reasons, we hold that the district court erred in granting summary judgment in favor of Ryan's on Leake's sexual harassment claim; thus, we vacate that decision and remand for additional proceedings. We further hold that Leake's retaliation claim fails under *Reeves* (as well as under the pre-*Reeves* standard), and we therefore affirm the entry of summary judgment as to that claim.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*